IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:08-CR-00017-FL-1
NO. 2:11-CV-00041-FL

| | |
|---|---|
| ASHONTA BUSH, | ) |
| Petitioner, | ) |
| v. | ) **MEMORANDUM &** |
| | ) **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This cause comes before the Court upon petitioner Ashonta Bush's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate") (DE-60). In its response to Bush's motion to vacate, respondent government agrees that the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), supports Bush's claim that he was improperly sentenced. Upon reviewing Bush's claims, the undersigned issued a memorandum and recommendation on November 2, 2011 recommending that he be resentenced in light of *Simmons*. (DE-66). No objections to the memorandum and recommendation were filed. The district court adopted the memorandum and recommendation in part with regard to resentencing, but determined that the undersigned had failed to address other claims made by Bush in his motion to vacate. The district court therefore recommitted the motion to

1

vacate to the undersigned for further recommendation. (DE-71). For the reasons that follow, the undersigned RECOMMENDS that the remaining claims in the motion to vacate be DENIED.

## I. BACKGROUND

On June 11, 2008, the grand jury issued a two-count indictment charging Bush with (1) conspiring to distribute more than fifty grams of cocaine base and more than five hundred grams of cocaine, in violation of 21 U.S.C. § 846, and (2) distributing more than five grams of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). (DE-11). On October 6, 2008 at 9:37 a.m., the government filed notice of its intent to seek an enhanced sentence pursuant to 21 U.S.C. § 851. (DE-21). Later that morning at the arraignment hearing, Bush pled guilty pursuant to a plea agreement to count one of the indictment. (DE-22, DE-24). The district court held the sentencing proceeding on February 4, 2009 and sentenced Bush to 240 months' imprisonment and ten years of supervised release, *inter alia*. (DE-36, DE-38). The Fourth Circuit Court of Appeals issued an unpublished opinion on June 22, 2010 affirming the judgment of the district court. (DE-56).

Bush timely filed the instant § 2255 motion and on September 19, 2011 moved to amend his motion to assert an additional claim in light of the Fourth Circuit's decision in *Simmons*. Specifically, Bush argued that the prior convictions upon which the government relied to seek sentence enhancement under 21 U.S.C. § 851 were not felony convictions and that he was therefore improperly sentenced as a career offender. The

2

government, the undersigned, and the district court agree that this claim is meritorious and that Bush should not have received sentence enhancement. The district court has determined that this case will be set for resentencing after the remaining § 2255 claims are resolved.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2255

Under section 2255, Title 28 of the United States Code, a petitioner may obtain relief from his sentence if he can show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). The burden is on the petitioner to establish his claim to relief by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

### B. Effect of Petitioner's Guilty Plea

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations

made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> '[A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity'" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . 'Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings.'" Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court

4

> should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–"permitting quick disposition of baseless collateral attacks."

United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

### C. Ineffective Assistance of Counsel

To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Concerning the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### III. ANALYSIS

Bush sets forth three grounds for relief in his motion to vacate. Although he asserts different theories for relief, his central contention remains that he was improperly sentenced as a career offender. Inasmuch as all parties and the district court agree that

5

Bush was improperly sentenced as a career offender and is entitled to resentencing, his remaining arguments requesting resentencing are essentially moot. However, as the matter has been specifically recommitted by the district court, the undersigned will address the arguments in turn.

**A. <u>Ground One: The Court Lacked Jurisdiction to Impose an Enhanced Sentence</u>**

Bush asserts the district court lacked jurisdiction to sentence him pursuant to 21 U.S.C. § 851 because (i) the government did not file its notice of enhancement before he entered his guilty plea; (ii) the court failed to engage in a colloquy regarding enhancement; and (iii) he lacked a full and fair opportunity to contest the notice of enhancement. According to Bush, "[a]t no time was [he] ever made aware that a notice of intent to seek enhanced penalties was ever filed." Mem. Supp. Mot. Vacate 7, DE-60-1. This assertion is demonstrably false.

The record shows that the government filed its notice of intent to seek sentence enhancement pursuant to 21 U.S.C. § 851 on October 6, 2008 at 9:37 a.m. (DE-21). Represented by counsel, Bush pled guilty during the arraignment hearing that commenced at 10:57 a.m. later that morning. At the arraignment hearing, the presiding magistrate judge engaged Bush in the following colloquy:

> THE COURT: Let me also note that the government filed earlier today a document entitled Notice of Intent to Seek Enhanced Penalty pursuant to Title 21 of United States Code, Section 851.
>
> Have you seen that document, Mr. Bush?
>
> THE DEFENDANT: Yes, sir.

>THE COURT: And have you reviewed that, as well, with your lawyer?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Okay. And the gist of this is that the government is advising you that you face enhanced punishment under Title 21, United States Code, Section 841(b), since you were previously convicted in the State of North Carolina of a felony drug offense.
>
>And the specific conviction that is the subject of this notice is apparently the conviction that occurred on November 16, 1999. And a copy of the judgment is attached to this notice.
>
>And do you understand all of that, sir?
>
>THE DEFENDANT: Yes.

Arraignment Hr'g Tr. 8:16-9:10, DE-48.

There is therefore no support for Bush's contention that the government failed to file its notice of intent to seek enhancement pursuant to 21 U.S.C. § 851 before he entered his guilty plea, or that he lacked opportunity to contest the notice of enhancement. Further, the transcript of the arraignment hearing in its entirety shows that the presiding judge engaged Bush in a lengthy and thorough colloquy regarding not only the § 851 enhancement, but also the consequences of pleading guilty to the charges and the sentence he was facing. Bush admitted his guilt and informed the Court that he understood the penalties. In the absence of extraordinary circumstances, "the truth of sworn statements made during a Rule 11 colloquy in open court is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that

7

necessarily relies on allegations that contradict sworn statements." Lemaster, 403 F.3d at 221. Accordingly, the undersigned recommends that the motion to vacate be denied as to Ground One.

**B. Ground Two: Ineffective Assistance of Counsel**

Bush complains that his trial counsel rendered ineffective assistance by failing to challenge his sentence enhancement pursuant to 21 U.S.C. § 851. To the extent this claim is based on his counsel's failure to raise the issues identified by Bush in Ground One, these issues have already been discussed *supra* and found to be without merit. Moreover, the record shows that trial counsel in fact objected to sentence enhancement. Sentencing Hr'g Tr. 10:10-22, DE-45; Presentence Investigation Report Add. ¶ 7, DE-29.

Bush further contends his counsel failed to "advise [him] of the benefits of cooperating with the government and earning a reduced sentence." Mem. Supp. Mot. Vacate 10, DE-60-1. Again, the record conclusively contradicts this assertion. Defense counsel negotiated a plea agreement in which Bush agreed to cooperate with the government and the government agreed to make his cooperation known to the district court at sentencing. (DE-24). During his sentencing proceeding, defense counsel and the prosecutor discussed Bush's cooperation with the government. Sentencing Hr'g Tr. 13. Because of this cooperation, the prosecutor recommended sentencing Bush to 240 months' imprisonment, the lowest end of the sentencing guidelines for his case. The government noted that if Bush continued to cooperate, he would likely be eligible for a reduction in his sentence. The district court sentenced Bush to 240 months' imprisonment. As the record shows that

Bush actively cooperated with the government, thereby earning a reduced sentence, his claim that counsel failed to advise him about the benefits of cooperation is without merit. The undersigned therefore recommends that the motion to vacate be denied as to Ground Two.

### C. Ground Three: Predicate Felony

Finally, Bush contends his sentence violates due process because he was improperly classified as a career offender.[1] He argues that his prior conviction of speeding to elude arrest does not qualify as a predicate offense for purposes of career offender enhancement because it is not a crime of violence for purposes of USSG § 4B.1. However, the Fourth Circuit has repeatedly rejected this argument. *See, e.g.*, United States v. Owens, 359 Fed. Appx. 436, 439 (2010) (unpublished); United States v. Green, 34 Fed. Appx. 936, 937 (2002) (unpublished); *accord* Sykes v. United States, 131 S. Ct. 2267, 180 L. Ed. 2d 60 (2011) (holding that felony vehicle flight, as outlawed by Indiana law, is considered a violent felony for purposes of sentencing under the ACCA). The Fourth Circuit moreover specifically rejected this argument made by Bush in his appeal. United States v. Bush, 384 Fed. Appx. 236, 237 (2010) (unpublished). This argument is therefore without merit. Accordingly, the undersigned recommends that the motion to vacate be denied as to Ground Three.

### IV. CONCLUSION

---

1. Bush also asserts that the underlying convictions used to enhance his sentence are invalid but concedes that this claim must first be addressed through his pending motion for appropriate relief in state court.

The undersigned has already concluded in a previous memorandum and recommendation that Bush was improperly sentenced as a career offender and is entitled to resentencing. (DE-66). The district court agrees. (DE-71). The remaining claims in the motion to vacate, however, are without merit. The undersigned therefore RECOMMENDS that the motion to vacate (DE-60) as to Grounds One, Two and Three be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, September 7, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE